**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 4:25-cr-00033-CDL-ALS-15** |
| | : | |
| **JAMAR PETIGNY,** | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

Defendant was indicted on November 18, 2025, in two counts of a thirty-five-count Indictment with one count of a Conspiracy to Commit Bank Fraud in violation of Title 18, United States Code, Sections 1349 and one count of Bank Fraud in violation of Title 18, United States Code, Sections 1344(2) and 2. ECF. 1. Defendant had his initial appearance and arraignment on the charges on January 15, 2026, and was placed on pre-trial release. ECF 193. On that same date the Government filed an Unopposed Motion to Declare Case Complex. ECF 174. This Court issued an order granting said motion on January 16, 2026, and the matter was continued to the December 2026 trial term. ECF 217. This Court issued a notice on September 28, 2026, setting the matter for Pretrial Conference on October 27, 2026. On October 22, 2026, the Government and the Defendant entered into a pretrial diversion agreement.

Under the Speedy Trial Act, the time in which the Defendant and the Government are entering into and preparing for the completion of a pretrial diversion should be excluded. "Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." 18 U.S.C. § 3161(h)(2).

Based on the Parties' submission of the Pretrial Diversion Agreement, the Court finds that

this case is not ready to proceed to trial. Accordingly, it is hereby ORDERED that this case is CONTINUED to the completion or dissolution of Defendant Petigny's pretrial diversion. Additionally, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Furthermore, it is ORDERED that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be EXCLUDED pursuant to 18 U.S.C. §§ 3161(h)(2)1 and (h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of injustice. 18 U.S.C. § 3161(h)(7)(B)(i). For the purposes of this Order, the aforesaid agreement is approved.

SO ORDERED, this 3rd day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U. S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA